**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DALLAS CHARLES DAWSON,

      Petitioner-Appellant,

v.

DAVE MILLER,

      Respondent-Appellee.

No. 05-6182
(D.C. No. CIV-03-1161-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

Dallas Charles Dawson appeals the denial of his 28 U.S.C. § 2254 habeas

petition. Dawson was convicted in state court in Oklahoma of two counts of

robbery after former conviction of a felony, and one count of possession of a

firearm after former conviction of a felony. He was sentenced to thirty years for

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

each count of robbery and ten years for the possession of firearm count. Dawson's convictions and sentences were affirmed on appeal by the Oklahoma Court of Criminal Appeals (OCCA). Dawson sought state post-conviction relief, which was denied at all levels.

Dawson then filed his federal habeas petition. The magistrate judge conducted an evidentiary hearing and then filed a report recommending that habeas relief be denied. After considering Dawson's objections to the report, the district court entered judgment denying relief. The district court then granted Dawson a certificate of appealability on Dawson's double jeopardy claims, ineffective assistance of trial counsel claim, and the district court's application of the firm waiver rule to the remaining claims raised in the petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a) and we affirm.

When a state court has considered a claim on the merits, this court must affirm unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). Further, state court findings are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. *Id.* § 2254(e)(1).

When a state court has not considered a claim on the merits, "we review the district court's legal conclusions de novo and factual findings for clear error." *Allen v. Mullin*, 368 F.3d 1220, 1234 (10th Cir. 2004), *cert. denied*, 543 U.S. 1156 (2005). We review for abuse of discretion the district court's decision to apply the firm waiver rule. *See Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (describing abuse of discretion standard); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (noting discretionary nature of firm waiver rule, which "need not be applied when the interests of justice so dictate").

On appeal, Dawson asserts that: 1) his convictions for two counts of robbery violated the Constitution's prohibition against double jeopardy; 2) his convictions for robbery with a firearm after former conviction of a felony and possession of a firearm after former conviction of a felony violated the Constitution's prohibition against double jeopardy; 3) trial counsel's deficient performance denied Dawson the effective assistance of counsel guaranteed by the Sixth Amendment; and 4) the district court erred in applying the firm waiver rule to Dawson's remaining claims.

Our review of the appellate briefs, the record, and the applicable law, lead us to conclude that, for substantially the reasons stated in the district court's order of April 28, 2005, Dawson is not entitled to habeas relief.

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge